(Pleito No. 57.—Fallado el 6 de Junio de 1900.)

## CUEVAS contra BANCO.

RECURSO contra sentencia dictada por el Tribunal de Distrito de San Juan.

1.—RECURSO DE CASACIÓN POR QUEBRANTAMIENTO DE FORMA ; CITACIÓN.  No podrá servir de fundamento á un recurso una citación defectuosa de un remate, y dicho recurso no será procedente si se ha basado en la sección primera del artículo 1,690 de la Ley de Enjuiciamiento Civil, toda vez que debería basarse en el número primero del artículo 1,691 de dicho cuerpo legal.

2.—CITACIÓN Y ENTREGA.  OBITER DICTUM.  Una citación practicada en la persona de una mujer cuyo marido, á quien va dirigida, está ausente, es válida.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á seis de Junio de mil novecientos, en los autos ejecutivos seguidos en el Tribunal de este Distrito por el Banco Territorial y Agrícola, sociedad anónima establecida en esta Plaza, con Don Felipe Cuevas y Arredondo, propietario, vecino de Mayagüez, pendiente ante Nos, en virtud de recurso de casación por infracción de ley interpuesto por el ejecutado Cuevas, y

sostenido ante este Tribunal Supremo en su defensa y representación por el Letrado Don Herminio Díaz Navarro, habiéndolo estado la parte recurrida por el Licenciado Don Juan Guzmán Benítez.—Resultando: Que por escritura pública de tres de Junio de mil ochocientos noventa y seis, otorgada ante el Notario de esta Ciudad Don Mauricio Guerra, Don Felipe Cuevas y Arredondo reconoció deber al Banco Territorial y Agrícola, de esta Isla, la cantidad de veinte mil pesos moneda corriente provincial que con sus intereses al nueve por ciento anual debía devolver con arreglo á las tablas de amortización del Banco en treinta anualidades ó sean sesenta semestres en los plazos y condiciones que constan en la referida escritura, y para la seguridad del pago de capital, intereses, premios del seguro contra incendio y costas, en su caso, el deudor hipotecó su hacienda "Carmelita", del término municipal de Cabo-Rojo, con todas sus pertenencias actuales, y cuantas más se incorporasen en lo sucesivo y cuya descripción, linderos y cabida constan en la referida escritura que se inscribió en el Registro de la Propiedad de San Germán.—Resultando: Que con dicho documento, copia primordial, y con dos liquidaciones que arrojan una deuda por concepto de intereses de tres mil ciento setenta y dos pesos setenta y seis centavos, hasta treinta de Septiembre de mil ochocientos noventa y nueve, solicitó el acreedor mandamiento de ejecución por dicha cantidad, por trescientos pesos para nuevos intereses y pago de premios del seguro y por cuatrocientos más para costas, y el Tribunal, por resolución de veinte y uno de Octubre del año anterior, accedió á tal solicitud, requirióse de pago á Cuevas, sin fruto, se le embargó en su consecuencia lo expresamente hipotecado y se practicó la citación de remate por medio de cédula, que se entregó en unión de las copias acompañadas á la esposa de dicho Sr. Cuevas, Doña Josefa Padilla, y después de hacerle saber que debía entregarlos á su esposo cuando regresare, firmó la diligencia, siguiendo el juicio ejecutivo sus trámites sin oposición del deudor hasta el

doce de Diciembre de mil ochocientos noventa y nueve en que se dictó sentencia de remate, mandando seguir adelante la ejecución por las cantidades expresadas hasta hacer trance y remate de los bienes embargados.—Resultando: Que contra esa sentencia se ha interpuesto recurso de casación por infracción de ley, que se tuvo por anunciado por el Tribunal de Distrito, y se formalizó ante éste fundándolo en el número 1º del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando como infringidos: 1º El caso 3º del artículo 1,465 y los 1,457, 268, 270 y 279 de la Ley Procesal Civil, porque al citarse de remate á Cuevas en la persona de su esposa, no se cumplió con lo que aquellas disposiciones legales prescriben. —2º Las Órdenes Generales del Cuartel General de diez y nueve y treinta y uno de Enero de mil ochocientos noventa y nueve, porque al Sr. Cuevas no se le dió, antes de despacharse la ejecución, un plazo prudencial para el abono de los intereses del capital adeudado; cuyo recurso fué impugnado en el acto de la vista por el Letrado de la parte recurrida.— Visto, siendo Ponente el Juez Asociado Don José Mª Figueras Chiqués.—Considerando: Que no pueden servir de base á un recurso de casación en el fondo, los preceptos de la Ley de Enjuiciamiento Civil; y aún suponiendo que estuviere defectuosamente hecha la citación de remate, que no lo está, nunca podría prosperar este recurso, puesto que para poderlo discutir, era preciso que se fundase en el número 1º del artículo 1,691 de la Ley citada.—Considerando: Que el plazo para el abono de intereses sólo fué necesario en aquellos procedimientos de que estaban conociendo los Jueces y Tribunales, al dictarse la Orden de diez y nueve de Enero de mil ochocientos noventa y nueve, y por consiguiente ni ésta ni la del treinta y uno del mismo mes y año han sido infringidas en el presente caso.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley interpuesto á nombre de Don Felipe Cuevas y Arredondo, á quien condenamos en las costas; y líbrese la certificación correspondiente con devolución de los

autos al Tribunal del Distrito de San Juan.—Así por esta nuestra sentencia, que se publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Rafael Nieto y Abeillé.—Juan Morera Martínez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á seis de Junio de mil novecientos.—E. de J. López Gaztambide.